**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ERIC GAINES** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action File No.:** |
| **v.** | : | |
| | : | |
| **DELTA AIR LINES, INC.** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Eric Gaines (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages against Defendant Delta Air Lines, Inc. and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under Title VII of the CivIl Rights Act of 1964, as amended 42 U.S.C. § 2000 et seq. (hereinafter, "Title VII") for race discrimination, the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (hereinafter, "FMLA") for interfering with Plaintiff's federal rights under the FMLA, 42 U.S.C. § 1981a, and to recover reasonable attorneys' fees and costs as allowed under the aforementioned federal statutes.

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1343 on the grounds that this action arises under Title VII and the FMLA.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and Defendant resides within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff Eric Gaines ("Plaintiff" or "Gaines") is an individual residing in the State of Georgia.

5.

Plaintiff is subject to the jurisdiction and venue of this Court.

6.

Defendant is an employer, is a foreign for-profit corporation registered to do business with the Georgia Secretary of State, and may be served with Summons and Complaint in this action through its registered

agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

At all times relevant to this action, Plaintiff was an employee of Defendant.

8.

Defendant is a foreign Delaware corporation, and is licensed to do business in the State of Georgia.

9.

Defendant has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

10.

Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission. See Exhibit A.

11.

Defendant has engaged in commerce or activity affecting commerce employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12.

At the relevant time of taking medical leave, Plaintiff had worked for Defendant for at least 12 months, had at least 1,250 hours of service for Defendant during the immediate preceding 12 month period, and worked at a location where Defendant had at least 50 employees within 75 miles.

## **FACTUAL BACKGROUND**

13.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

14.

Defendant is a for-profit Delaware corporation operating an international airline in Georgia.

15.

On or around April 30, 2025, Plaintiff was injured due to a bite, which resulted in Plaintiff requesting from Defendant that he have May 7, 2025, off from work on Defendant's Paid Time Off system.

16.

Notwithstanding the fact the request was approved, the approval was subsequently revoked without notice and Plaintiff sustained a no call/no show on Mr. Gaines' personnel file for the May 7, 2025, absence.

17.

On or around May 20, 2025, Plaintiff, a black male, was called a "good boy," a demeaning remark historically used to emasculate African American men, in a meeting about the May 7, 2025, occurrence, by Ms. Jenifer Herrington, a white female agent of Defendant. During the same meeting, Ms. Herrington also placed Plaintiff on probation for the no call/no show on May 7, 2025.

18.

On August 11, 2025, Plaintiff called Defendant's Sick Line to inform them he will be absent on August 11, 2025, because he needed to see a doctor due to an illness.

19.

On September 2, 2025, Plaintiff asked Mr. Kevin Breen, Defendant's agent and station manager, about transferring to work at the TLH airport because he had to take care of an ill family member.

20.

On September 18, 2025, Defendant, by and through Mr. Justin Greene and Ms. Herrington, informed Plaintiff he would be terminated due to his absence on August 11, 2025, notwithstanding the fact Defendant has a general policy of three warnings prior to termination, and Plaintiff provided a doctor's note to Mr. Greene and Ms. Destini Etienne, Defendant's Human Resources Manager.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant intentionally discriminated against Plaintiff while he was employed at Delta. by, among other things, treating him less favorably and terminating his employment on account of his race.

23.

The effect of Defendant and its agents' conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affected Plaintiff's status as an employee because of his race.

24.

As a direct and proximate result of the conduct and acts of Defendant and its agents, Plaintiff has suffered injuries for which he is entitled to monetary damages, injunctive relief, and reasonable attorney's fees.

**COUNT II**
**FMLA INTERFERENCE - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant is an employer and an international airline company.

27.

Defendant has engaged in commerce or activity affecting commerce employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

28.

Plaintiff was employed by Defendant at all times material hereto. At the relevant time of taking medical leave, Plaintiff had worked for Defendant for at least 12 months, had at least 1,250 hours of service for

Defendant during the immediate preceding 12 month period, and worked at a location where Defendant had at least 50 employees within 75 miles.

29.

Plaintiff suffers from a disability or serious health condition or both. Plaintiff suffered a bite wound on April 30, 2025, was ill on August 11, 2025, and had an ill family member on September 2, 2025.

30.

All of the health-related matters were properly communicated to Defendant by Plaintiff.

31.

On or about September 18, 2025, Plaintiff was informed by Defendant he would be suspended and terminated for his absence on August 11, 2025, notwithstanding the fact he had not accrued three warnings regarding attendance.

32.

By the above acts and practices, Defendant and its agents have interfered with Plaintiff's rights provided under FMLA in violation of 29 U.S.C. § 2615(a) by condoning, encouraging, and/or participating in the violation and showing deliberate

indifference to the violation of Plaintiff's statutory rights to which Plaintiff was subjected to.

33.

As a direct and proximate result of the conduct and acts of Defendant and its agents in violation of the Family Medical Leave Act of 1993, Plaintiff has suffered injuries for which he is entitled to monetary damages, injunctive relief, and reasonable attorney's fees.

## COUNT III
## RETALIATION

34.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

35.

By the above acts and practices, including the acts of Ms. Herrington and Mr. Justin Greene informing Plaintiff he was suspended and terminated, shortly in response to Plaintiff's request for medical leave, Defendant and their agents have retaliated against Plaintiff for asserting his rights under the Family Medical Leave Act of 1993 by condoning, encouraging and/or participating in the retribution.

36.

As a direct and proximate result of the conduct and acts of Defendant and their agent in violation of the Family Medical Leave Act, Plaintiff has suffered and will continue to suffer irreparable injury, damage to his career and reputation, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other equitable and/or injunctive relief.

## COUNT IV
## CLAIMS FOR RELIEF UNDER
## 42 U.S.C. § 1981

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendant permitted its employees, acting within the scope of their employment, to act in a hostile manner towards Plaintiff, based on Plaintiff's race, and has not only deprived Plaintiff of the equal right to make and enforce contracts as enjoyed by white citizens, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

39.

As a direct and proximate result of Defendant's unlawful practices, Plaintiff has been embarrassed, humiliated, and suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendant's misconduct;
2) Punitive damages based on Defendant's willful, malicious, intentional, reckless, and deliberate acts, including Defendant's ratification, condonation, and approval of said acts of its agents;
3) Reimbursement, special damages and/or liquidated damages for lost fringe benefits, and post judgment interest thereon as permitted by law;
4) Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. § 12205; 29 U.S.C. § 2617
5) Trial by jury as to all issues;
6) Prejudgment interest at the rate allowed by law;
7) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;
8) Compensatory damages;

9) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 24th day of October 2026.

/s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468
CHENG LAW, INC.
260 Peachtree Street, Suite 2200
Atlanta, Georgia 30303
Telephone: 334-451-4346
Email: david@considerdavidcheng.com

*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Southern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 24th day of October, 2026.

/s/ David G. Cheng
David G. Cheng

Georgia Bar No. 762468